IN RE INTEREST OF A.D.S. AND A.D.S., CHILDREN UNDER 18
YEARS OF AGE.
STATE OF NEBRASKA, APPELLEE, V. B.S., APPELLANT.

511 N.W.2d 208

Filed January 11, 1994.   No. A-93-327.

Mary Ellis-Harden, of Legal Aid Society, Inc., for appellant.

James S. Jansen, Douglas County Attorney, and Elizabeth G. Crnkovich for appellee.

SIEVERS, Chief Judge, and IRWIN and MILLER-LERMAN, Judges.

MILLER-LERMAN, Judge.

B.S. appeals the order of the Douglas County Separate Juvenile Court terminating her parental rights to her sons, A.D.S., born February 9, 1986, and A.D.S., born November 24, 1987. B.S.' sole assignment of error is that the proceedings lacked fundamental fairness because the juvenile court failed to inform her of her statutory rights under Neb. Rev. Stat. § 43-279.01(1) (Cum Supp. 1992). We agree that the juvenile court failed to provide B.S. with explanations and warnings as mandated by § 43-279.01(1), and we therefore reverse the order of the juvenile court and remand the cause for further proceedings.

## PROCEDURAL BACKGROUND

The record reflects that B.S. and D.M.S. are the parents of A.D.S. and A.D.S. B.S. and D.M.S. were apparently divorced at the time proceedings were initiated in this action. On September 17, 1991, the State filed a petition in the separate juvenile court of Douglas County alleging that the children came within the meaning of Neb. Rev. Stat. § 43-247(3)(a) (Reissue 1988) through a lack of proper parental care by reason of the faults and habits of B.S. and D.M.S. The petition alleged that almost since infancy, the children have resided in the home of parental friends; that B.S. and D.M.S. did not visit the children with any regularity and failed to provide for their support; and that B.S. and D.M.S. were aware that the children lived in a filthy, overcrowded, cockroach-infested environment.

Although the petition lists an address for B.S., an affidavit dated September 6, 1991, states that B.S.' current whereabouts are unknown. The record is not clear as to whether or not B.S. was served with the petition. B.S. was not present in person, nor represented by counsel, at a hearing held on October 1, 1991, at which time the children were placed in the temporary custody of the Nebraska Department of Social Services (DSS). At the adjudication hearing held on March 18, 1992, the guardian ad litem stated that B.S.' whereabouts were unknown. D.M.S. was present and represented by counsel. The court accepted D.M.S.' admission of the allegations in the petition and adjudicated the children, with regard to D.M.S., as being within the meaning of § 43-247(3)(a).

The State filed a supplemental petition on May 5, 1992, alleging that the children were within the meaning of § 43-247(3)(a), having been abandoned by B.S. The supplemental petition also alleged that the children came within the meaning of Neb. Rev. Stat. § 43-292(1) (Reissue 1988) because B.S. had had no contact with the children, nor provided any financial or emotional support for the children, for a period in excess of 6 months immediately prior to the filing of the petition. The supplemental petition stated that the current whereabouts of B.S. was unknown.

B.S. appeared in person but without counsel at the

adjudication hearing on September 4, 1992. The case was continued pending appointment of counsel for B.S. The court stated that "we are going to decide whether or not your rights as mother should be terminated." Counsel was appointed for B.S. following the hearing.

A hearing was held on October 13, 1992, which was intended to be an adjudication hearing with regard to B.S. B.S. did not attend the hearing, although she was represented by counsel. The record shows that the court's findings following this hearing were subsequently vacated following a determination that B.S. had been incorrectly informed that the hearing had been continued.

At a hearing held on March 15, 1993, counsel for B.S. moved to withdraw from the case, stating that counsel felt unprepared to go forward with B.S.' defense because B.S. had kept only one of six appointments made with counsel. The motion was denied. The court stated that "I'm going to advise the mother now, we're going to proceed to trial this afternoon. And if you make some statements in the record that may be used against you, I'd advise you to consult with your lawyer before you make any statements whatsoever." A DSS caseworker was the sole witness in the case. B.S.' attorney cross-examined this witness. Following the hearing, the court terminated B.S.' parental rights. B.S. timely appealed to this court.

## ANALYSIS

■ The parent-child relationship is afforded due process protection. *In re Interest of L. V.*, 240 Neb. 404, 482 N.W.2d 250 (1992). Consequently, procedural due process is applicable to a proceeding for termination of parental rights. *Id*.

■ Section 43-279.01 provides in part:

(1) When the petition alleges the juvenile to be within the provisions of subdivision (3)(a) of section 43-247 or when termination of parental rights is sought pursuant to subdivision (6) or (7) of section 43-247 and the parent or custodian appears with or without counsel, the court shall inform the parties of the:

(a) Nature of the proceedings and the possible consequences or dispositions pursuant to sections 43-284,

43-285, and 43-288 to 43-295;

    (b) Right to engage counsel of their choice at their own expense or to have counsel appointed if unable to afford to hire a lawyer;

    (c) Right to remain silent as to any matter of inquiry if the testimony sought to be elicited might tend to prove the parent or custodian guilty of any crime;

    (d) Right to confront and cross-examine witnesses;

    (e) Right to testify and to compel other witnesses to attend and testify;

    (f) Right to a speedy adjudication hearing; and

    (g) Right to appeal and have a transcript or record of the proceedings for such purpose.

    (2) After giving the parties the information prescribed in subsection (1) of this section, the court may accept an in-court admission, an answer of no contest, or a denial from any parent or custodian as to all or any part of the allegations in the petition. The court shall ascertain a factual basis for an admission or an answer of no contest.

The record reveals that B.S. was informed of the possibility that her parental rights may be terminated. Counsel was appointed for her, and she was, in effect, advised of her right to remain silent as to matters of inquiry which might tend to prove her guilty of any crime. B.S.' attorney cross-examined the witness. Thus, § 43-279.01(1)(a), (b), (c), and (d) were satisfied.

There is, however, nothing in the record to show that B.S. was informed of her right to testify and to compel other witnesses to attend and testify, her right to a speedy adjudication hearing, or her right to appeal and have a transcript or record of the proceedings for such purpose as required by § 43-279.01(1)(e), (f), and (g). The statute clearly mandates that B.S. be informed of each of these rights without regard to whether she is represented by counsel. The failure of the court to advise B.S. as required by § 43-279.01 necessitates that the order in this case be reversed and the cause remanded for a new adjudication hearing.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.